**<u>EXHIBIT A</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **ASTROTURF, LLC,** | ) | Case No. 16- |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**ORDER (A) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING
THE SALE OF ASSETS OF THE DEBTOR OUTSIDE THE ORDINARY COURSE OF
BUSINESS, (B) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL
LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (C) AUTHORIZING THE
ASSUMPTION AND SALE AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Sale Motion") of AstroTurf, LLC, (the "Debtor" or "Seller") for

the entry of an order pursuant to §§ 105, 363, and 365 of the United States Bankruptcy Code,

11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 2002, 6004, 6006, and 9014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor to:  (a)

assume that certain Asset Purchase Agreement, dated as of June [_____], 2016, by and among APT Acquisition Construction Corp. (together with its permitted successors and assigns, the "Purchaser"), APT Acquisition Corp. and the Debtor (as amended or otherwise modified from time to time and including all related instruments, documents, exhibits, schedules, and agreements thereto, collectively, the "Agreement"),[1] (b) sell substantially all of its assets as set forth in the Agreement, including the Purchased Assets, free and clear of all Liens (as defined below), with such sale to be in accordance with the terms and conditions of the Agreement; (c) assume and sell and assign certain executory contracts and unexpired leases to the Purchaser; and (d) granting related relief; and the Court having established the date of the hearing on the Sale Motion (the "Sale Hearing"); and the Court having jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28 U.S.C. § § 157(b)(2) and 1334; and in consideration of the Sale Motion, the relief requested therein, and the responses thereto being a core proceeding in accordance with 28 U.S.C. § 157(b); and the appearance of all interested parties and all responses and objections to the Sale Motion having been duly noted in the record of the Sale Hearing; and upon the record of the Sale Hearing, and all other pleadings and proceedings in this chapter 11 case, including the Sale Motion, the various certificates of service regarding the Sale Motion [Docket Nos. _____ and _____], and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its stakeholders and all other parties in interest; and after due deliberation and sufficient cause appearing therefore;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Agreement.

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT**:[2]

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. The Court has jurisdiction over this matter and over the property of the Debtor's estate, including the Purchased Assets to be sold, transferred, or conveyed pursuant to the Agreement, pursuant to 28 U.S.C. § § 157 and 1334. This matter is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and the Sale Motion in this district is proper pursuant to 28 U.S.C. § § 1408 and 1409.

D. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

E. The statutory bases for the relief requested in the Sale Motion and for the approvals and authorizations herein are (i) Bankruptcy Code § § 102, 105, 363 and 365, and (ii) Bankruptcy Rules 2002, 6004, 6006, and 9014.

---

[2]   All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are incorporated herein to the extent not inconsistent herewith.

F.  On June _____, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtor has continued in possession and management of its business and properties as a debtor-in-possession pursuant to Bankruptcy Code § § 1107(a) and 1108.

G.  As evidenced by the certificates of service filed with the Court [Docket Nos. _____ and _____], proper, timely, adequate, and sufficient notice of the Sale Motion and the Sale Hearing have been provided in accordance with Bankruptcy Code § § 102(1) and 363(b), Bankruptcy Rules 2002, 6004, 9006, 9007, 9008, and 9014, the local rules of the Court, and the procedural due process requirements of the United States Constitution.  The Debtor also gave due and proper notice of the assumption, sale, and assignment of each contract or lease listed on the notice of assumption, sale, and assignment of designated unexpired leases and executory contracts filed on June ___, 2016 (Docket No. ____) (the "Assumed Contracts") to each non-debtor party under each such Assumed Contract.  Such notice was good and sufficient and appropriate under the particular circumstances.  No other or further notice of the Sale Motion, the Sale Hearing, the assumption and assignment of the Assumed Contracts, or of the entry of this Order is necessary or shall be required.

H.  A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities, including, without limitation, (i) all entities that claim any interest in or lien upon the Purchased Assets, (ii) all non-debtor parties to Assumed Contracts assumed and sold and assigned pursuant to this Order, (iii) all governmental taxing authorities that have, or as a result of the sale of the Purchased Assets may have, Claims, contingent or otherwise, against the Debtor, (iv) all parties that filed requests for notices under

Bankruptcy Rule 9010(b) or were entitled to notice under Bankruptcy Rule 2002, (v) all creditors (whether their Claims are liquidated, contingent, or unmatured) of the Debtor, (vi) all interested governmental, pension and environmental authorities, and (vii) the Office of the United States Trustee for the Northern District of Georgia.

I.    The Purchased Assets are property of the Debtor's estate and title thereto is vested in the Debtor's estate.

J.    The Debtor has demonstrated a sufficient basis and the existence of reasonable and appropriate circumstances requiring it to enter into the Agreement, sell the Purchased Assets, and assume and assign the Assumed Contracts under Bankruptcy § § 363 and 365.  In particular, the Purchased Assets constitute a portion of the assets which, in conjunction with other assets owned by certain non-debtor Affiliates of the Debtor, are used in the business of manufacturing, marketing, selling and installing artificial turf products for athletic fields and for landscape applications (the Turf Business").  The Purchaser and its Affiliates have agreed to acquire the Turf Business from the Debtor and the Debtor's non-debtor Affiliates.  The Debtor will be unable to realize full value for the Purchased Assets unless they are sold in conjunction with the assets of the Turf Business owned by the non-debtor Affiliates.  The sale of the Purchased Assets, in conjunction with the sale of the other assets comprising the Turf Business, is an appropriate and sound exercise of the Debtor's business judgment and is in the best interests of the Debtor, its estate and its stakeholders.

K.  The offer of the Purchaser, upon the terms and conditions set forth in the Agreement, including the form and total consideration to be realized by the Debtor pursuant to the Agreement, (i)  is fair and reasonable, (ii) is in the best interests of the Debtor's stakeholders and

estate, (iii) constitutes full and fair consideration and reasonably equivalent value for the Purchased Assets, and (iv) will provide a greater recovery for the Debtor's creditors and other interested parties than would be provided by any other practically available alternative.

L.  The Purchaser is not an "insider" or "affiliate" of the Debtor as those terms are defined in the Bankruptcy Code and the decisions thereunder.  The Purchaser is a purchaser in "good faith," as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of Bankruptcy Code § § 363(m) and (n) with respect to all of the Purchased Assets.  The Agreement was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion or fraud of any kind.  Neither the Debtor nor the Purchaser have engaged in any conduct that would prevent the application of Bankruptcy Code § 363(m) or cause the application of, or implicate, Bankruptcy Code § 363(n) to the Agreement or to the consummation of the sale transaction and transfer of the Purchased Assets and Assumed Contracts to the Purchaser.  The Purchaser is purchasing the Purchased Assets (including the Assumed Contracts) in good faith and is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and is, therefore, entitled to the protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that: (i) the Purchaser recognized that the Debtor was free to deal with any other party interested in acquiring the Purchased Assets, (ii)  all consideration to be paid by the Purchaser to the Debtor and other agreements or arrangements entered into by the Purchaser and the Debtor in connection with the sale have been disclosed, (iii) the Purchaser has not violated Bankruptcy Code § 363(n) by any action or inaction, and (iv) the negotiation and execution of the Agreement and any other agreements or instruments related thereto was in good faith.

- 5 -

M. The Debtor has full limited liability company power and authority to execute the Agreement (and all other documents contemplated thereby) and consummate the transactions contemplated therein, and the sale of the Purchased Assets has been duly and validly authorized by all necessary limited liability company actions on the part of by the Debtor.  No consents or approvals, other than as may be expressly provided for in the Agreement, are required by the Debtor to consummate such transactions.

N. The Debtor has advanced sound business reasons for seeking to enter into the Agreement and to sell and/or assume and sell and assign the Purchased Assets, as more fully set forth in the Sale Motion and as demonstrated at the Sale Hearing, and it is a reasonable exercise of the Debtor's business judgment to sell the Purchased Assets and to consummate the transactions contemplated by the Agreement.  Notwithstanding any requirement for approval or consent by any person, the transfer of the Purchased Assets to the Purchaser and the assumption and assignment of the Assumed Contracts is a legal, valid, and effective transfer of the Purchased Assets (including the Assumed Contracts).

O.  The terms and conditions of the Agreement, including the consideration to be realized by the Debtor pursuant to the Agreement, are fair and reasonable, and the transactions contemplated by the Agreement are in the best interests of the Debtor's estate.

P.  The Purchased Assets shall be sold free and clear of any and all liens (statutory or otherwise, including, without limitation, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), hypothecations, encumbrances, security interests, mortgages, debts, levies, indentures, pledges, restrictions (whether on voting, sale, transfer, disposition or otherwise), charges, instruments, preferences, priorities, security agreements,

- 6 -

conditional sales agreements, title retention contracts, options, Claims, judgments (including all judgments heretofore or hereafter entered in the Existing Litigation), offsets, rights of recovery, rights of pre-emption, rights of first refusal or other third Party rights, Claims for reimbursement, contribution, indemnity, exoneration, products liability, alter-ego, environmental, or Tax (including Claims for any and all foreign, federal, state and local Taxes), judgments or decrees of any court or foreign or domestic governmental entity, orders of any Governmental Authority, of any kind or nature (including (i) any conditional sale or other title retention agreement and any lease having substantially the same effect as any of the foregoing, (ii) any assignment or deposit arrangement in the nature of a security interest, and (iii) any Claim based on any theory that the Purchaser is a successor or a continuation of the Debtor or the Debtor's business), reclamation Claims, obligations, liabilities, demands, and guaranties, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of the Debtor's bankruptcy case, and whether imposed by agreement, understanding, law, equity or otherwise, including Claims otherwise arising under doctrines of successor liability (all of the foregoing being referred to collectively as the "Liens"), other than the Permitted Liens.

Q.  The Liens (other than the Permitted Liens and Assumed Liabilities) shall attach to the consideration to be received by the Debtor in the same priority and subject to the same defenses and avoidability, if any, as before the closing of the transactions contemplated by the Agreement

(the "Closing"), and the Purchaser would not enter into the Agreement to purchase the Purchased Assets otherwise.

R. The transfer of the Purchased Assets to the Purchaser will be a legal, valid, and effective transfer of the Purchased Assets and shall vest Purchaser with all right, title, and interest of the Debtor to the Purchased Assets free and clear of any and all Liens (other than the Permitted Liens and Assumed Liabilities). Except as specifically provided in the Agreement or this Order, the Purchaser shall not assume or become liable for any Liens (other than the Permitted Liens and Assumed Liabilities) relating to the Purchased Assets or the Business being sold by the Debtor.

S. The transfer of the Purchased Assets to the Purchaser free and clear of all Liens (other than the Permitted Liens and Assumed Liabilities) will not result in any undue burden or prejudice to any holders of any Liens, because all such Liens of any kind or nature whatsoever shall attach to the net proceeds of the sale of the Purchased Assets received by the Debtor in the order of their priority, with the same validity, force, and effect which they now have as against the Purchased Assets and subject to any claims and defenses the Debtor or other parties may possess with respect thereto. All persons having Liens of any kind or nature whatsoever against or in the Debtor or the Purchased Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such Liens (other than the Permitted Liens and Assumed Liabilities) against the Purchaser, any of its assets, property, successors or assigns, or the Purchased Assets.

T. The Debtor may sell the Purchased Assets free and clear of all Liens of any kind or nature whatsoever (other than the Permitted Liens and Assumed Liabilities) because, in each

- 8 -

case, one or more of the standards set forth in Bankruptcy Code § 363(f) has been satisfied. Those (i) holders of Liens and (ii) non-debtor parties to the Assumed Contracts, who did not object, or who withdrew their objections, to the sale of the Purchased Assets and the Sale Motion are deemed to have consented pursuant to Bankruptcy Code § 363(f)(2).  All objections to the Sale Motion have been overruled or resolved.  Those holders of Liens who did object fall within one or more of the other subsections of Bankruptcy Code § 363(f) and are adequately protected by having their Liens, if any, attach to the proceeds of the sale of the Purchased Assets ultimately attributable to the property against or in which they claim or may claim any Liens, with such Liens being subject to such treatment as may be prescribed in any chapter 11 plan that might be confirmed by the Court or as set forth in a separate order of this Court.

U.  Not selling the Purchased Assets free and clear of all Liens (other than the Permitted Liens and Assumed Liabilities) would adversely impact the Debtor's estate, and the sale of Purchased Assets other than one free and clear of all Liens (other than the Permitted Liens and Assumed Liabilities) would be of substantially less value to the Debtor's estate.

V.  The Debtor and the Purchaser have, to the extent necessary, satisfied the requirements of Bankruptcy Code § 365, including Bankruptcy Code § § 365(b)(1)(A), (B) and 365(f), in connection with the sale and the assumption and assignment of the Assumed Contracts.  The Purchaser has demonstrated adequate assurance of future performance with respect to the Assumed Contracts pursuant to Bankruptcy Code § 365(b)(1)(C).  The assumption and assignment of the Assumed Contracts pursuant to the terms of this Order is integral to the Agreement and is in the best interests of the Debtor, its estate, its stakeholders and other parties in interest, and represents the exercise of sound and prudent business judgment by the Debtor.

- 9 -

W. The Assumed Contracts are assignable notwithstanding any provisions contained therein to the contrary.  The Purchaser shall have sole responsibility for paying all Cure Costs required to assume and assign the Assumed Contracts to the Purchaser; provided, however, if the aggregate Cure Costs exceed the total amount of the Estimated Cure Costs, the Purchase Price to be paid by the Purchaser for the Purchased Assets shall be reduced by the amount of such excess.

X.  The Purchaser will be acting in good faith, pursuant to Bankruptcy Code § 363(m), in closing the transactions contemplated by the Agreement at any time on or after the entry of this Order and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

Y. The transactions contemplated under the Agreement do not amount to a consolidation, merger, or *de facto* merger of the Purchaser and the Debtor and/or the Debtor's estate, there is not substantial continuity between the Purchaser and the Debtor, there is no continuity of enterprise between the Debtor and the Purchaser, the Purchaser is not a mere continuation of the Debtor or its estate, and the Purchaser does not constitute a successor to the Debtor or its estate.

Z.    The total consideration provided by the Purchaser for the Purchased Assets constitutes (a) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Purchased Assets.

AA.    Time is of the essence in consummating the sale.  In order to maximize the value of the Purchased Assets, it is essential that the sale of the Purchased Assets occur within the time constraints set forth in the Agreement.  Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

BB.    At, and effective as of, the Closing, the Purchaser shall assume sole responsibility for paying and satisfying the Assumed Liabilities.  After the Closing, the Debtor shall have no liability whatsoever with respect to the Assumed Liabilities.  The Purchaser shall have no obligations with respect to any liabilities of the Debtor other than the Assumed Liabilities.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The relief requested in the Sale Motion is granted in its entirety and the Agreement and the assumption of the Agreement by the Debtor are approved, subject to the terms and conditions contained herein.

2.    All objections, responses, reservations of rights, and requests for continuance concerning the Sale Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing.  To the extent any such objection, response, reservation of rights, or request for continuance was not otherwise withdrawn, waived, or settled, it is overruled and denied on the merits.

3.    Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with 11 U.S.C. § 102(1) and Bankruptcy Rules 2002, 6004, and 6006.

4.      The sale of the Purchased Assets, the terms and conditions of the Agreement (including all schedules and exhibits affixed thereto), and the transactions contemplated thereby be, and hereby are, authorized and approved in all respects.

5.      The sale of the Purchased Assets and the consideration provided by the Purchaser under the Agreement are fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

6.      The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith purchaser under Bankruptcy Code § 363(m), including with respect to the transfer of the Assumed Contracts as part of the sale of the Purchased Assets pursuant to Bankruptcy Code § 365 and this Order.

7.      The Debtor shall be, and hereby is, authorized and directed to fully assume, perform under, consummate, and implement the terms of the Agreement together with any and all additional instruments and documents that may be necessary or desirable in connection with implementing and effectuating the terms of the Agreement, this Order, and/or the sale of the Purchased Assets including, without limitation, certificates, deeds, assignments, and other instruments of transfer, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser, or reducing to possession, any or all of the Purchased Assets or Assumed Liabilities, as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated by the Agreement, without any further limited liability company action or orders of this Court.

- 12 -

8.      The Debtor and each other person or entity having duties or responsibilities under the Agreement, any agreements or instruments related thereto or this Order, and their respective directors, officers, employees, members, managers, agents, representatives, and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Agreement and this Order, to carry out all of the provisions of the Agreement and any related agreements or instruments; to issue, execute, deliver, file, and record, as appropriate, the documents evidencing and consummating the Agreement and any related agreements or instruments; to take any and all actions contemplated by the Agreement, any related agreements or instruments, or this Order; and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary, desirable or appropriate to implement, effectuate, and consummate, the Agreement, any related agreements or instruments, and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Court or further action by their respective directors, officers, employees, members, managers, agents, representatives, and attorneys, and with like effect as if such actions had been taken by unanimous action of the respective directors, officers, employees, members, managers, agents, representatives, and attorneys of such entities. The secretary or any assistant secretary of the Debtor shall be, and hereby is, authorized to certify or attest to any of the foregoing actions (but no such certification or attestation shall be required to make any such action valid, binding, and enforceable).  The Debtor is further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable Governmental Authority any and all certificates,

agreements, or amendments necessary or appropriate to effectuate the transactions contemplated

by the Agreement, any related agreements and this Order, and all such other actions, filings, or

recordings as may be required under appropriate provisions of the applicable laws of all

applicable Governmental Authorities or as any of the officers of the Debtor may determine are

necessary or appropriate.  The execution of any such document or the taking of any such action

shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.

Without limiting the generality of the foregoing, this Order shall constitute all approvals and

consents, if any, required by the limited liability company laws of the State of Michigan and all

other applicable business, corporation, trust, and other laws of the applicable Governmental

Authorities with respect to the implementation and consummation of the Agreement, any related

agreements or instruments and this Order, and the transactions contemplated thereby and hereby.

9.      To the fullest extent permitted by law, effective as of the Closing, (a) the sale of

the Purchased Assets by the Debtor to the Purchaser shall constitute a legal, valid, and effective

transfer of the Purchased Assets notwithstanding any requirement for approval or consent by any

Person and shall vest the Purchaser with all right, title, and interest of the Debtor in and to the

Purchased Assets, free and clear of all Liens of any kind (other than the Permitted Liens and

Assumed Liabilities) pursuant to Bankruptcy Code § 363(f), and (b) the assumption of the

Assumed Liabilities by the Purchaser shall constitute a legal, valid and effective delegation and

assignment of all Assumed Liabilities to the Purchaser and shall divest the Debtor of all liability

with respect to any Assumed Liabilities.

10.     The sale of the Purchased Assets is not subject to avoidance pursuant to

Bankruptcy Code § 363(n).

11.     At the Closing, the Debtor shall be, and hereby is, authorized, empowered, and directed, pursuant to Bankruptcy Code § § 105, 363(b), and 365, to sell the Purchased Assets, including the Assumed Contracts, to the Purchaser.  The sale of the Purchased Assets shall vest the Purchaser with all right, title and interest of the Debtor to the Purchased Assets free and clear of any and all Liens (other than the Permitted Liens and Assumed Liabilities) with all such Liens to attach only to the proceeds of the sale with the same priority, validity, force, and effect, if any, as they now have in or against the Purchased Assets, subject to all claims and defenses the Debtor may possess with respect thereto.  Following the Closing Date, no holder of any Liens in the Purchased Assets (other than the Permitted Liens and Assumed Liabilities) shall interfere with the Purchaser's use and enjoyment of the Purchased Assets based on or related to such Liens, or any actions that the Debtor may take in their chapter 11 cases and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by the Agreement or this Order.

12.     The provisions of this Order authorizing the sale of the Purchased Assets free and clear of Liens (other than the Permitted Liens and Assumed Liabilities) shall be self-executing, and neither the Debtor nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order.  However, the Debtor and the Purchaser, and each of their respective officers, employees, and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or the Purchaser deem necessary, desirable or appropriate to implement and effectuate the terms of the Agreement and this Order.

13.     On or before the Closing Date, the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release any Liens (other than the Permitted Liens and Assumed Liabilities) of any kind against the Purchased Assets, as such Liens may have been recorded or may otherwise exist.  Except as expressly provided in the Agreement, if any Person that has filed financing statements or other documents or agreements evidencing any Liens in or against the Purchased Assets (other than the Permitted Liens and Assumed Liabilities) shall not have delivered to the Debtor prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Liens that the Person has with respect to the Purchased Assets, the Debtor is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the Person with respect to such Purchased Assets prior to the Closing, and the Purchaser is authorized to file such documents after Closing.

14.     To the greatest extent available under applicable law, the Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, approval, certificate of occupancy, authorization, operating permit, registration, plan and the like of any Governmental Authority relating to the Purchased Assets, and all such licenses, permits, approvals, certificates of occupancy, authorizations, operating permits, registrations, plans and the like of any Governmental Authority are deemed to have been, and hereby are, deemed to be transferred to the Purchaser as of the Closing Date.

15.     All of the Debtor's interests in the Purchased Assets to be acquired by the Purchaser under the Agreement shall be, as of the Closing Date and upon the occurrence of the

Closing, transferred to and vested in the Purchaser.  Upon the occurrence of the Closing, this Order shall be considered and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Purchased Assets acquired by the Purchaser under the Agreement and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Purchased Assets to the Purchaser.

16.     Except as expressly provided in the Agreement, the Purchaser is not assuming nor shall it or any affiliate of the Purchaser be in any way liable or responsible, as a successor or otherwise, for any liabilities, debts, or obligations of the Debtor in any way whatsoever relating to or arising from the Debtor's ownership or use of the Purchased Assets or operation of the Business prior to the consummation of the transactions contemplated by the Agreement, or any liabilities calculable by reference to the Debtor or its operation of the Business or the Purchased Assets, or relating to continuing or other conditions existing on or prior to consummation of the transactions contemplated by the Agreement, all of which liabilities, debts, and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against the Purchaser or any affiliate of the Purchaser.

17.     Except as otherwise expressly provided in the Agreement, on the Closing Date, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their respective Liens (other than the Permitted Liens and Assumed Liabilities) against the Purchased Assets, if any, as may have been recorded or may otherwise exist.

18.     Except as otherwise expressly provided in the Agreement, all Persons presently or on or after the Closing Date in possession of some or all of the Purchased Assets are directed to

- 17 -

surrender possession of the Purchased Assets to the Purchaser on the Closing Date or at such time thereafter as the Purchaser may request.

19.    Subject to the terms of the Agreement and the occurrence of the Closing Date, the assumption by the Debtor of the Assumed Contracts and the sale and assignment of such agreements and unexpired leases to the Purchaser, as provided for or contemplated by the Agreement, be, and hereby is, authorized and approved pursuant to Bankruptcy Code §§ 363 and 365.

20.    The Assumed Contracts shall be deemed valid and binding and in full force and effect and assumed by the Debtor and sold and assigned to the Purchaser at the Closing, pursuant to Bankruptcy Code §§ 363 and 365, subject only to the payment of the Cure Costs.

21.    Upon the Closing, in accordance with Bankruptcy Code §§ 363 and 365, the Purchaser shall be fully and irrevocably vested in all right, title, and interest in and to each Assumed Contract.  The Debtor shall reasonably cooperate with, and take all actions reasonably requested by, the Purchaser to effectuate the foregoing.

22.    Pursuant to Bankruptcy Code §§ 365(b)(l)(A) and (B), and except as otherwise provided in this Order, the Purchaser shall promptly pay at Closing or cause to be paid at Closing to the non-debtor parties to any Assumed Contracts the requisite Cure Costs, if any, set forth on the notice filed with the Court on July __, 2016 (the "Cure Costs Schedule") (docket no. __), except to the extent that a Cure Cost was amended on the record of the Sale Hearing, following the assumption and assignment thereof.  The Cure Costs are hereby fixed at the amounts set forth on the Cure Costs Schedule, or the amounts set forth on the record of the Sale Hearing, as the case may be, and the non-debtor parties to the Assumed Contracts are forever bound by such

Cure Costs.  For avoidance of doubt, the Purchaser shall have the sole responsibility for paying all Cure Costs; provided, however, if the aggregate Cure Costs exceed the total amount of the Estimated Cure Costs, the Purchase Price to be paid by the Purchaser for the Purchased Assets shall be reduced by the amount of such excess.

23.    All defaults or other obligations under the Assumed Contracts arising prior to the Closing (without giving effect to any acceleration clauses, assignment fees, increases, advertising rates, or any other default provisions of the kind specified in Bankruptcy Code § 365(b)(2)) shall be deemed cured by payment of the Cure Costs.

24.    Any provision in any Assumed Contract that purports to declare a breach, default, or payment right as a result of an assignment or a change of control in respect of the Debtor is unenforceable, and all Assumed Contracts shall remain in full force and effect, subject only to payment of the appropriate Cure Costs, if any.  No sections or provisions of any Assumed Contract that purport to provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor party to the Assumed Contract shall have any force and effect with respect to the sale transaction and assignments authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under Bankruptcy Code § 365(f) and/or are otherwise unenforceable under Bankruptcy Code § 365(e) and no assignment of any Assumed Contract pursuant to the terms of the Agreement shall in any respect constitute a default under any Assumed Contract.  The non-debtor party to each Assumed Contract shall be deemed to have consented to such assignment under Bankruptcy Code § 365(c)(1)(B), and the Purchaser shall enjoy all of the Debtor's rights and benefits under each such Assumed Contract

- 19 -

as of the applicable date of assumption without the necessity of obtaining such non-debtor party's written consent to the assumption or assignment thereof.

25.    The Purchaser has satisfied all requirements under Bankruptcy Code § § 365(b)(1) and 365(f)(2) to provide adequate assurance of future performance under the Assumed Contracts.

26.    The Debtor and its estate shall be relieved of any liability for any breach of any of the Assumed Contracts occurring from and after Closing, pursuant to and in accordance with Bankruptcy Code § 365(k).

27.    Pursuant to Bankruptcy Code § § 105(a), 363, and 365, all parties to the Assumed Contracts are forever barred and enjoined from raising or asserting against the Purchaser any assignment fee, default, breach or claim or pecuniary loss, or condition to assignment, arising under or related to the Assumed Contracts existing as of the Closing or arising by reason of the Closing, except for any amounts that are Assumed Liabilities being assumed by the Purchaser under the Agreement.

28.    Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement and this Order.  This Order and the Agreement shall be binding upon and govern the acts of all such federal, state, and local governmental agencies and departments, including any filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise

record or release any documents or instruments, or who may be required to report or insure any title in or to the Purchased Assets.

29. To the extent permitted by Bankruptcy Code § 525, no Governmental Authority may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of this chapter 11 case or the consummation of the transactions contemplated by the Agreement.

30. The Purchaser has not assumed or is otherwise not obligated for any of the Debtor's liabilities other than the Assumed Liabilities as set forth in the Agreement, and the Purchaser has not purchased any of the Debtor's assets expressly excluded from the Purchased Assets pursuant to the Agreement (the "Excluded Assets"). Consequently, all Persons, Governmental Units (as defined in Bankruptcy Code § § 101(27) and 101(41)) and all holders of Liens (other than the Permitted Liens and Assumed Liabilities) based upon or arising out of liabilities retained by the Debtor are hereby enjoined from taking any action against the Purchaser or the Purchased Assets to recover any Liens or on account of any liabilities of the Debtor other than Assumed Liabilities pursuant to the Agreement. All persons holding or asserting any Liens in the Excluded Assets are hereby enjoined from asserting or prosecuting such Liens or any cause of action against the Purchaser or the Purchased Assets for any liability associated with the Excluded Assets.

31. The Purchaser is not a "successor" to the Debtor or its estate by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of the Debtor and/or its estate including, but not limited to, any bulk sales law, successor liability, or similar liability except for the assumption of

- 21 -

the Assumed Liabilities as expressly provided in the Agreement.  Except to the extent the Purchaser assumes the Assumed Liabilities pursuant to the Agreement, neither the purchase of the Purchased Assets by the Purchaser, nor the fact that the Purchaser is using any of the Purchased Assets previously operated by the Debtor, will cause the Purchaser or any of its affiliates to be deemed a successor in any respect to the Debtor's Business within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, or other law, rule or regulation (including, without limitation, filing requirements under any such laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtor's liability under such law, rule or regulation or doctrine.

32.    Further, except as provided in the Agreement, transfer of title and possession of the Purchased Assets shall be free and clear of any Claims pursuant to any successor or successor-in-interest liability theory, including the following:  (a) the Existing Litigation, (b) any employment or labor agreements, (c) all deeds of trust and security interests, (d) any pension or medical benefit plan of the Debtor, compensation or other employee benefit plan of the Debtor, welfare, agreements, practices and programs, (e) any other employee, worker's compensation, occupational disease or unemployment or temporary disability related claim, including, without limitation, Claims that might otherwise arise under or pursuant to (i) the Employee Retirement Income Security Act of 1974, as amended, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the Worker Adjustment and Retraining Act of 1988, (vii) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (viii) the Americans with Disabilities Act of 1990, (ix) the Consolidated Omnibus

Budget Reconciliation Act of 1985, (x) state discrimination laws, (xi) state unemployment compensation laws or any other similar state laws, or (xii) any other state or federal benefits or Claims relating to any employment with the Debtor or any predecessor, (f) environmental or other Claims or Liens arising from existing conditions on or prior to the Closing (including, without limitation, the presence of hazardous, toxic, polluting or contaminating substances or waste) that may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, et seq., or other state or federal statute, (g) any bulk sales or similar law, (h) any Tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and (i) any and all theories of successor liability, including any theories on successor products liability grounds or otherwise.

33.     Except to the extent expressly included in the Assumed Liabilities or provided in the Agreement, the Purchaser and its affiliates shall have no liability, obligation, or responsibility under the WARN Act (29 U.S.C. § § 210 et seq.) or the Comprehensive Environmental Response Compensation and Liability Act, or any foreign, federal, state or local labor, employment, or environmental law by virtue of the Purchaser's purchase of the Purchased Assets or assumption of the Assumed Liabilities.

34.     Except to the extent expressly included in the Assumed Liabilities, pursuant to Bankruptcy Code § § 105 and 363, all Persons including, but not limited to, the Debtor, the official committee of unsecured creditors, all debt holders, equity security holders, the Debtor's employees or former employees, Governmental Authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a Lien of any kind or nature

- 23 -

whatsoever against, in, or with respect to the Debtor or the Purchased Assets (other than the Permitted Liens), arising under or out of, in connection with, or in any way relating to the Debtor, the Purchased Assets, the operation of the Debtor's Business prior to the Closing Date, or the transfer of the Purchased Assets to the Purchaser, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Lien, including assertion of any right of setoff or subrogation, and enforcement, attachment, or collection of any judgment, award, decree, or order, against the Purchaser or any affiliate, successor or assign thereof and each of their respective current and former members, officers, directors, attorneys, employees, partners, affiliates, financial advisors, and representatives (each of the foregoing in its individual capacity), or the Purchased Assets.

35.    Without limiting the generality of the foregoing, except as otherwise specifically set forth in the Agreement, the Purchaser shall not assume or be obligated to pay, perform or otherwise discharge any workers' compensation debts, obligations, and liabilities of the Debtor arising pursuant to state law or otherwise.  This Order is intended to be all inclusive and shall encompass, but not be limited to, workers' compensation Claims or suits of any type, whether now known or unknown, whenever incurred or filed, which have occurred or which arise from work-related injuries, diseases, death, exposures, intentional torts, acts of discrimination, or other incidents, acts, or injuries prior to the Closing Date, including, but not limited to, any and all workers' compensation Claims filed or to be filed, or reopenings of those Claims, by or on behalf of any of the Debtor's current or former employees, persons on laid-off, inactive or retired status, or their respective dependents, heirs or assigns, as well as any and all premiums, assessments, or other obligations of any nature whatsoever of the Debtor relating

- 24 -

in any way to workers' compensation liability, except as otherwise specifically set forth in the Agreement.

36.    Subject to the terms of the Agreement, the Agreement and any related agreements and/or instruments may be waived, modified, amended, or supplemented by written agreement of the Debtor and the Purchaser, without further action or order of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not materially adverse to the Debtor and substantially conforms to, and effectuates, the Agreement and any related agreements and/or instruments and this Order.

37.    The failure specifically to include any particular provisions of the Agreement or any related agreements or instruments in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court, the Debtor, and the Purchaser that the Agreement and any related agreements and instruments are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to Closing.

38.    No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the sale and the transactions contemplated by the Agreement.

39.    Nothing in this Order shall alter or amend the Agreement and the obligations of the Debtor and the Purchaser thereunder.

40.    This Order and the Agreement shall be binding upon and govern the acts of all Persons including, without limitation, the Debtor and the Purchaser, their respective successors, and permitted assigns, including, without limitation, any Chapter 11 trustee hereinafter appointed for the Debtor's estate or any trustee appointed in a Chapter 7 case if this case is converted from

Chapter 11, all creditors of the Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title in or to the Purchased Assets.

41.     Nothing in any order of this Court or contained in any plan of reorganization or liquidation confirmed in this chapter 11 case, or in any subsequent or converted case of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

42.     In consideration of the Purchaser's acquisition of the Debtor's trade name, and as required under the terms of the Agreement, the Debtor is authorized and directed on the Closing Date, or as soon as practicable thereafter, to file appropriate documents and instruments amending Debtor's articles of organization, foreign qualification registrations and any assumed name or d/b/a filings as may be required for the Debtor to change its name to [AT Liquidation Co., LLC].  Upon receipt of written confirmation from the Secretary of State of Michigan that the Debtor's articles of organization have been amended to change the Debtor's name to [AT Liquidation Co., LLC], the Clerk of this Court shall change the caption of this case on the Court's docket to the following:

In re:                                    )        Chapter 11
                                          )
[AT Liquidation Co., LLC],                )        Case No. 16-
                                          )
                        Debtor.           )

- 26 -

Notice of the foregoing change shall be given by mail to all persons entitled to receive notice under Bankruptcy Rule 2002(f).  The Clerk shall accept for filing in this case all papers bearing Case No. 16-_____  whether filed in the name of AstroTurf, LLC or [AT Liquidation Co., LLC].

43.    Notwithstanding Bankruptcy Rules 6004, 6006, and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.  In the absence of any Person obtaining a stay pending appeal, the Debtor and the Purchaser are free to close under the Agreement at any time following the entry of this Order, subject to the terms of the Agreement.  In the absence of any Person obtaining a stay pending appeal, if the Debtor and the Purchaser close under the Agreement, the Purchaser shall be deemed to be acting in "good faith" and shall be entitled to the protections of Bankruptcy Code § 363(m) as to all aspects of the transactions under and pursuant to the Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

44.    The automatic stay provisions of Bankruptcy Code § 362 are vacated and modified to the extent necessary to implement the terms and conditions of the Agreement and the provisions of this Order.

45.    This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, and the Agreement in all respects and to decide any disputes concerning this Order, the Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Purchased Assets and any Assumed Contracts, and all issues and disputes arising in connection

with the relief authorized herein, inclusive of those concerning the transfer of the Purchased

Assets free and clear of all Liens (except Permitted Liens and Assumed Liabilities).

[END OF DOCUMENT]

Prepared and presented by:

KING & SPALDING LLP

/s/ Paul K. Ferdinands
Paul K. Ferdinands
Georgia Bar No. 258623
pferdinands@kslaw.com
Jeffrey R. Dutson
Georgia Bar No. 637106
jdutson@kslaw.com
Karyn Heavenrich
Georgia Bar No. 334083
kheavenrich@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5131

COUNSEL FOR THE DEBTOR