**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 16-41504-PWB** |
| **ASTROTURF, LLC,** | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**DECLARATION OF SEAN M. HARDING IN SUPPORT OF DEBTOR'S**
**MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF THE DEBTOR'S**
**AMENDED AND RESTATED PLAN OF LIQUIDATION**

Pursuant to 28 U.S.C. § 1746, I, Sean M. Harding, hereby declare (this "Declaration") as follows:

1. I am a Senior Managing Director of FTI Consulting, Inc. ("FTI"). My business address is 1201 West Peachtree St., Suite 500, Atlanta, GA 30309. On January 4, 2016, FTI and AstroTurf, LLC (the "Debtor") executed an engagement letter (the "Engagement Letter") pursuant to which FTI agreed to render certain interim restructuring management services to the Debtor. On July 20, 2016, the Court entered an order authorizing FTI to render such services to the Debtor (the "FTI Order") [Docket No. 117]. Pursuant to the Engagement Letter and the FTI Order, I am currently the Debtor's Chief Restructuring Officer.

2. Contemporaneously with the filing of this Declaration, the Debtor filed the *Memorandum of Law in Support of Confirmation of the Debtor's Amended and Restated Plan of Liquidation* (the "Memorandum"). Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Memorandum.

3. The Debtor has duly authorized me to make and submit this Declaration in support of the Memorandum.

4. Based on my position with the Debtor and involvement in this case, I am familiar with virtually all aspects of the Debtor and its bankruptcy case. Among other things, I have been actively involved in the management and operation of the Debtor's business; the sale of substantially all of the Debtor's assets; the formation of the Plan; and the discussions and negotiations with the Committee and other creditors and constituents.

5. I have carefully reviewed and am familiar with the terms and provisions of the Plan.

6. The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtor's business that were reviewed by me or other employees of FTI or the Debtor under my supervision and direction. If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

**The Plan**

7. The classification of Claims and Interests in Article II of the Plan is reasonable and necessary, has a rational, justifiable, and good faith basis and places Claims and Interests in a particular Class where such Claims or Interests are substantially similar to the other Claims or Interests of such Class.

8. Article VI and other provisions of the Plan provide adequate means for implementation of the Plan.

9. I have been selected as the Liquidating Agent by the Debtor with the agreement of the Committee.

10. The Debtor exercised sound business judgment in determining that (except as set forth in the Plan) all Executory Contracts and Unexpired Leases of the Debtor shall be deemed rejected by the Debtor as of the Effective Date.

11. The Plan has been proposed in good faith with the intent to realize the maximum benefit for the Debtor's stakeholders.

12. The Plan was the product of arms-length negotiations among the Debtor, the Committee, and certain other parties, and the Plan is consistent with the interests of all the Estate's constituencies.

13. The Debtor has analyzed whether a liquidation of its remaining Assets by a Chapter 7 trustee would result in a higher return to the Holders of Allowed Claims than an orderly liquidation by the Debtor and the Liquidating Agent. As a result of this analysis, the Debtor concluded that conversion to Chapter 7 would likely delay the Distributions to Holders of Claims under the Plan.

14. The Debtor believes that a Chapter 7 liquidation would result in substantial diminution in the value to be realized by Holders of Allowed Claims because substantial additional Administrative Expenses would be required in order to compensate the Chapter 7 trustee and for a Chapter 7 trustee to retain new attorneys, accountants, and other professionals who are unfamiliar with the Bankruptcy Case and for such new professionals to familiarize themselves with the Claims against the Estate.

15. With respect to each Class of impaired Claims and Interests in the Debtor, each holder of a Claim or Interest of such Class either (a) has accepted (or is deemed to have accepted) the Plan, or (b) will receive or retain under the Plan on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount

that such holder would so receive or retain if the Debtor was liquidated on such date under Chapter 7 of the Bankruptcy Code.

16. The implementation of the Plan and the wind-down of the Debtor's affairs will be administered by the Liquidating Agent and funded by proceeds from the sale of substantially all of the Debtor's assets. The Debtor has more than sufficient cash to cover all administrative and other priority obligations due to be paid pursuant to the Plan on or after the Effective Date.

17. The Debtor is not (and, as of the Petition Date, was not) obligated to provide any retiree benefits as that term is defined pursuant to Section 1114 of the Bankruptcy Code.

18. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

19. The release, injunction, and exculpation provisions set forth in the Plan are each an essential means of implementing the Plan; these provisions are integral elements of the settlements and compromises incorporated in the Plan; and confer material benefits on, and thus are in the best interests of, the Debtor, its estates, its stakeholders, and other parties in interest.

20. The Debtor and its counsel have formulated and filed the Plan, obtained interim approval of the Disclosure Statement, and solicited votes on the Plan all in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

21. The Debtor and the Committee and each of their respective members, employees, officers, directors, managers, agents, advisors, attorneys, and financial advisors, have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 21, 2017.

/s/ Sean M. Harding
Sean M. Harding

5