**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Legacy Turf Company, LLC,** | ) | **Case No. 16-41504-PWB** |
| **f/k/a AstroTurf, LLC** | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |

**MOTION OF LIQUIDATING AGENT FOR: (I) APPROVAL OF FINAL**
**DISTRIBUTION; AND (II) ENTRY OF FINAL DECREE**
**PURSUANT TO 11 U.S.C. § 350(a) AND FED. R. BANKR. P. 3022**
<u>**CLOSING DEBTOR'S CHAPTER 11 CASE**</u>

Sean M. Harding, in his capacity as the Liquidating Agent ("<u>Liquidating Agent</u>"), by and through his undersigned counsel, submits this Motion in support of the proposed Final Decree, a copy of which is annexed hereto as <u>Exhibit A</u>, (1) authorizing a final distribution; and (2) closing the case pursuant to the Final Decree. In support of this Motion, the Liquidating Agent respectfully represents as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). As set forth in Section 12.3 of the Plan, this Court has retained jurisdiction to, among other things, enter a final decree closing the chapter 11 case. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.      The statutory predicates for the relief requested herein are Section 350(a) of Title 11 of the United States Code ("<u>Bankruptcy Code</u>") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## BACKGROUND

3.     On June 28, 2016 (the "Petition Date"), the above-captioned debtor (the "Debtor") filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code.

4.     Additional information about the Debtor's business and events leading up to the Petition Date may be found in the *Declaration of Sean M. Harding in Support of First Day Motions and Applications*. [Docket No. 14].

5.     On July 7, 2016, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee").

6.     On August 12, 2016, the Court entered the *Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Assets of the Debtor Outside the Ordinary Course of Business, (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (C) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases, and (D) Granting Related Relief* (the "Sale Order"). [Docket No. 202].

7.     Pursuant to the Sale Order, on August 19, 2016, the Debtor closed the sale of substantially all of its assets under that certain Asset Purchase Agreement by and between the Debtor, APT Acquisition Construction Corp. (the "Purchaser"), and APT Acquisition Corp., dated as of June 27, 2016. *See Notice of Filing of Report of Sale*. [Docket No. 220].

8.     On March 6, 2017, the Debtor filed the *Disclosure Statement for Plan of Liquidation Filed by AstroTurf, LLC, dated March 6, 2017*. [Docket No. 369]. On April 18,

2017, the Debtor filed its *Amended and Restated Plan of Liquidation for AstroTurf, LLC, Dated the 18th day of April, 2017* (as amended and modified to date, the "Plan"). [Docket No. 405]. [1]

9.      The Court confirmed the Plan on May 11, 2017, and the Plan went effective on June 9, 2017 (the "Effective Date"). *See Findings of Fact, Conclusions of Law, and Order Confirming the Amended and Restated Chapter 11 Plan Dated as of April 18, 2018* (the "Confirmation Order"). [Docket No. 424]. The Committee was dissolved on the Effective Date of the Plan.

10.     The Confirmation Order approved Sean M. Harding as the Liquidating Agent noting that he "shall direct and oversee the Debtor's business activities, conduct the final liquidation and distribution of the Estate and conduct the wind-up of the Debtor's affairs, in each case in accordance with the terms and conditions of th[e] Confirmation Order and the Plan." *See* Confirmation Order at ¶ 16.

## RELIEF REQUESTED AND ARGUMENT

11.     The Liquidating Agent respectfully requests an order (a) authorizing a final distribution; and (b) closing the chapter 11 case pursuant to the Final Decree. As part of the Debtor's efforts to make a final distribution, the Liquidating Agent seeks authorization for the maintenance and payment of a retainer with King & Spalding LLP in the amount of $15,000.00 to cover any post-closing administrative work. Once that work is done, any portion of the retainer that is remaining will be turned over to Textile Management Associates, Inc., the Prepetition Lender with its Prepetition Lender Claims categorized as Class 2 under the Plan, and to whom all residual funds, net of expense, are to be paid pursuant to the Plan. *See* Plan at

---

[1]      All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

3

§ 3.2.2. Moreover, the Liquidating Agent seeks authorization to destroy documents which are currently costing significant funds to store.

12.    The Plan specifically provides:

12.3 Final Decree. The Bankruptcy Court may, upon application of the Liquidating Agent after Designated Notice, at any time on or after one hundred twenty (120) days after the Initial Distribution Date, enter a final decree in this case, notwithstanding the fact that additional funds may eventually be distributed to parties in interest. In such event, the Bankruptcy Court may enter an Order closing this case pursuant to Section 350 of the Bankruptcy Code; provided, however, that: (a) the Debtor, the Liquidating Agent, the Creditor Oversight Committee (if not yet dissolved), and other parties in interest shall continue to have the rights, powers, and duties set forth in this Plan; (b) any provision of this Plan requiring the absence of an objection shall no longer be required, except as otherwise ordered by the Bankruptcy Court; and (c) the Bankruptcy Court may from time to time reopen the Bankruptcy Case if appropriate for any of the following purposes: (1) administering Assets; (2) entertaining any adversary proceedings, contested matters or applications the Debtor has brought or may bring with regard to the liquidation of Assets and the prosecution of Causes of Action; (3) enforcing or interpreting this Plan or supervising its implementation; or (4) for other cause.

Plan at § 12.3.

13.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 implements Section 350 of the Bankruptcy Code and provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

14.    Although the term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, the Advisory Committee Note to Bankruptcy Rule 3022 delineates the following nonexclusive factors to be considered in determining whether an estate has been fully administered:

4

(1)    whether the order confirming the plan has become final,
(2)    whether deposits required by the plan have been distributed,
(3)    whether the property proposed by the plan to be transferred has been transferred,
(4)    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan,
(5)    whether payments under the plan have commenced, and
(6)    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 Notes of Advisory Committee on Rules – 1991 Amendment.

15.    The Advisory Committee Note further indicates that the Court "should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." *Id*. Additionally, "a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the [Bankruptcy] Code." *Id*.

16.    Courts generally use the six factors listed in the Advisory Committee Notes to determine whether an estate has been fully administered. *See, e.g.*, *Ericson v. IDC Servs., Inc. (In re IDC Servs., Inc.)*, No. 97 CIV. 3081(TPG), Ch. 11 Case No. 93 B 45922(SMB), 1998 WL 547085, at *3 (S.D.N.Y. Aug. 28, 1998) ("[T]he approach that looks to the Advisory Note provides a more complete and flexible standard for determining when to close a chapter 11 case, and is therefore preferable."); *In re Kerley*, No. 09-43154-JJR11, 2011 WL 5330667, at *1 (Bankr. N.D. Ala. Nov. 4, 2011) (citing factors). Courts also note that the factors are "plainly an aid or checklist that serves to insure that there is no unfinished business before the Court or in the case." *In re KlieglBros. UniversalElec. Stage Lighting Co*., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); *see also In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.

5

Instead, the Committee Note and the factors therein merely serve as a guide in assisting the

Court in its decision to close a case.").

17.     Here, the chapter 11 case has been "fully administered" within the meaning of

Section 350 of the Bankruptcy Code. The Confirmation Order was entered on May 11, 2017, and

the Plan has been substantially consummated. Among other things:

(1)     the Confirmation Order has become final and nonappealable;
(2)     the transactions contemplated by the Plan have been consummated;
(3)     all motions, contested matters, and adversary proceedings have been finally resolved; and
(4)     all property proposed to be transferred pursuant to the Plan has been transferred.

Further, Section 1930(a)(6) of title 28 of the United States Code requires that quarterly fees be

paid to the U.S. Trustee after confirmation and consummation of a chapter 11 plan until a

debtor's case is closed. These fees have been paid.

## NOTICE

18.     Notice of this Motion has been provided pursuant to the notice procedures set

forth in the Plan. In light of the nature of the relief requested, the Debtor submits that no further

notice is necessary.

WHEREFORE, the Liquidating Agent respectfully requests that this Court (i) enter the Proposed Order attached hereto as <u>Exhibit A</u> granting the relief requested herein, and (ii) grant the Liquidating Agent such other and further relief as the Court may deem just and proper.

Dated:  February 24, 2020

Respectfully submitted,

KING & SPALDING LLP

/s/ Paul K. Ferdinands
Paul K. Ferdinands
Georgia Bar No. 258623
pferdinands@kslaw.com
Mark. M. Maloney
Georgia Bar No. 468104
mmaloney@kslaw.com
Jeffrey R. Dutson
Georgia Bar No. 637106
jdutson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:     (404) 572-4600
Facsimile:     (404) 572-5131

COUNSEL FOR THE
LIQUIDATING AGENT

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Legacy Turf Company, LLC,** | ) | **Case No. 16-41504-PWB** |
| **f/k/a AstroTurf, LLC** | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |

**FINAL DECREE PURSUANT TO 11 U.S.C. § 350(a) AND FED. R. BANKR. P. 3022
CLOSING DEBTOR'S CHAPTER 11 CASE**

Upon the Motion, dated February 24, 2020 ("Motion"), of the Liquidating Agent[1] pursuant to Section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the applicable Local Rules of the United States Bankruptcy Court for the Northern District of Georgia seeking a final decree closing the present chapter 11 case, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and there being no objection to the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Debtor, its Estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is ORDERED:

1. The Motion is granted as provided herein and the Liquidating Agent is authorized to make a final distribution pursuant to the Plan and as requested in the Motion.

2. Pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the chapter 11 case is hereby closed; provided, that the Court shall retain jurisdiction as provided in Section 12.3 of the Plan. The entry of this Final Decree is without prejudice to the rights of any party in interest to seek to reopen the chapter 11 case for cause shown.

3. King & Spalding LLP is authorized to maintain a retainer in the amount of $15,000.00 to cover any post-closing administrative work.

4. The Liquidating Agent shall not be obligated to pay the U.S. Trustee fees to the U.S. Trustee in accordance with 28 U.S.C. § 1930(a)(6) in respect of the chapter 11 case; provided, that all U.S. Trustee fees due and owing (if any) for the chapter 11 case shall be paid prior to the entry of this Final Decree.

5. The Liquidating Agent is authorized to take all actions necessary to implement the relief granted in this Final Decree and as requested in the Motion, including (without limitation) the destruction of documents.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Decree.

[END OF DOCUMENT]

Prepared and presented by:

/s/ Paul K. Ferdinands
KING & SPALDING LLP
Paul K. Ferdinands
Georgia Bar No. 258623
pferdinands@kslaw.com
Mark. M. Maloney
Georgia Bar No. 468104
mmaloney@kslaw.com
Jeffrey R. Dutson
Georgia Bar No. 637106
jdutson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:    (404) 572-4600
Facsimile:    (404) 572-5131

COUNSEL FOR THE
LIQUIDATING AGENT