

**IT IS ORDERED as set forth below:**

**Date: April 1, 2020**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **Legacy Turf Company, LLC,** | ) | Case No. 16-41504-PWB |
| **f/k/a AstroTurf, LLC** | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |

**FINAL DECREE PURSUANT TO 11 U.S.C. § 350(a) AND FED. R. BANKR. P. 3022**
<u>**CLOSING DEBTOR'S CHAPTER 11 CASE**</u>

Upon the Motion, dated February 24, 2020 ("Motion"), of the Liquidating Agent[1] pursuant to Section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the applicable Local Rules of the United States Bankruptcy Court for the Northern District of Georgia seeking a final decree closing the present chapter 11 case, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and there being no objection to the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its Estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is ORDERED:

1.     The Motion is granted as provided herein and the Liquidating Agent is authorized to make a final distribution pursuant to the Plan and as requested in the Motion.

2.     Pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the chapter 11 case is hereby closed; provided, that the Court shall retain jurisdiction as provided in Section 12.3 of the Plan. The entry of this Final Decree is without prejudice to the rights of any party in interest to seek to reopen the chapter 11 case for cause shown.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. King & Spalding LLP is authorized to maintain a retainer in the amount of $15,000.00 to cover any post-closing administrative work.

4. The Liquidating Agent shall not be obligated to pay the U.S. Trustee fees to the U.S. Trustee in accordance with 28 U.S.C. § 1930(a)(6) in respect of the chapter 11 case; provided, that all U.S. Trustee fees due and owing (if any) for the chapter 11 case shall be paid prior to the entry of this Final Decree.

5. The Liquidating Agent is authorized to take all actions necessary to implement the relief granted in this Final Decree and as requested in the Motion, including (without limitation) the destruction of documents.

6. The claims and noticing services of Kurtzman Carson Consultants LLC ("KCC") are hereby terminated upon the completion of the services listed below. Thereafter, KCC shall have no further obligations to this Court, the Debtor, the estate or any other party in interest with respect to the claims and noticing services in these cases. Upon entry of this Order, KCC shall (a) forward to the Clerk of the Court an electronic version of all imaged proofs of claim, (b) upload the creditor mailing list into CM/ECF, (c) file a Final Claims Register containing claims asserted in the Debtor's case, and (d) serve a copy of this Order as required once entered. KCC also shall box and deliver all original proofs of claim to the Atlanta Federal Records Center, 4712 Southpark Blvd., Ellenwood, GA 30294, and file a completed SF-135 Form indicating the accession and location numbers of the archived claims.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Decree.

[END OF DOCUMENT]

Prepared and presented by:

/s/ Paul K. Ferdinands
KING & SPALDING LLP
Paul K. Ferdinands
Georgia Bar No. 258623
pferdinands@kslaw.com
Mark. M. Maloney
Georgia Bar No. 468104
mmaloney@kslaw.com
Jeffrey R. Dutson
Georgia Bar No. 637106
jdutson@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone:    (404) 572-4600
Facsimile:    (404) 572-5131

COUNSEL FOR THE
LIQUIDATING AGENT